UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CAVANAUGH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PIONEER CREDIT RECOVERY, INC., )<br>)<br>Defendant. ) | Case No. 1:19-cv-1473 |

**ORDER**
**(Doc. 6)**

Plaintiff James Cavanaugh filed a Complaint against defendant Pioneer Credit Recovery, Inc. ("Pioneer") on October 31, 2019, alleging that Pioneer violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), by contacting him in the course of its efforts to collect a debt owed by Plaintiff's former sister-in-law, Tracy Besch. (*See* Doc. 1.) Plaintiff alleges that, on or about August 26, 2019, he received a voicemail from Pioneer stating "this message is for James Cavanaugh, this is Katelyn calling in regards to Tracy Besch. Please return my call at 866-667-5443 when you call back please use reference number 14386079." (*Id.* ¶ 14.) Plaintiff claims that Pioneer violated 15 U.S.C. § 1692d(6) "by not identifying the name of the company when leaving a message on Plaintiff's voicemail." (*Id.* ¶ 17.)

Pioneer filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on December 16, 2019. (Doc. 6.) According to Pioneer, Plaintiff cannot state a claim for violating § 1692d(6) because violations of that provision require multiple telephone calls, not just one call. (Doc. 6-2 at 7.) Pioneer further argues that its agent was prohibited from volunteering the name of her employer under 15 U.S.C. § 1692b(1). (*Id.* at 9.)

Plaintiff has not filed an opposition to Pioneer's motion to dismiss. Instead, Plaintiff filed an Amended Complaint on January 3, 2020. (Doc. 7.) In addition to his claim under § 1692d(6), Plaintiff has added a claim that Pioneer violated 15 U.S.C. §§ 1692b(1) and 1692c(b) "by calling the Plaintiff for reasons other than location information for the alleged debtor and/or failing to state that the purpose of the call was for location information for the alleged debtor." (Doc. 7 ¶ 18.) The parties have not filed any further documents in this case.

Plaintiff's Amended Complaint appears to be timely filed under Fed. R. Civ. P. 15(a)(1)(B). As the Second Circuit has explained, "when a plaintiff properly amends [his] complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020) (per curiam).

The court elects the former approach in this case, and will DENY Pioneer's Motion to Dismiss (Doc. 6) as moot without prejudice to filing a further motion to dismiss as to some or all of Plaintiff's claims. Any such motion shall be filed within 30 days of the date of this Order.

SO ORDERED.

Dated this 3rd day of June, 2020.

Geoffrey W. Crawford, Judge
United States District Court